## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERFAITH ALLIANCE FOUNDATION<br>110 Maryland Avenue, NE Suite 509<br>Washington, DC 20002<br><br>*Plaintiff*,<br><br>vs.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br><br>U.S. DEPARTMENT OF STATE<br>2201 C Street, NW<br>Washington, DC 20520<br><br>U.S. DEPARTMENT OF VETERANS<br>AFFAIRS<br>810 Vermont Avenue, NW<br>Washington, DC 20420<br><br>*Defendants*. | Case No. 25-cv- |

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Interfaith Alliance Foundation ("IAF") brings this action against Defendants U.S. Department of Justice ("DOJ"), U.S. Department of State ("State"), and U.S. Department of Veterans Affairs ("VA") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Plaintiff alleges as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper under 28 U.S.C. § 1391(e), as all parties' headquarters are located in Washington, D.C., within this district, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## Parties

3.      Plaintiff Interfaith Alliance Foundation ("IAF") is a not-for-profit organization headquartered in Washington, DC. It is a network of people of diverse Christian denominations as well as other faiths and beliefs from across the United States that mobilizes coalitions to foster a better understanding of the boundaries between religion and government.

4.      Defendant DOJ is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C. The Civil Rights Division ("CRT) and the Federal Bureau of Investigation ("FBI") are components of DOJ. DOJ has possession, custody, and control of records to which Plaintiff seeks access.

5.      Defendant State is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C.  State has possession, custody, and control of records to which Plaintiff seeks access.

6.      Defendant VA is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C. VA has possession, custody, and control of records to which Plaintiff seeks access.

## Facts

7.      On February 6, 2025, President Trump signed Executive Order 14202: Eradicating Anti-Christian Bias.[1] Executive Order 14202 established a Task Force to Eradicate Anti-Christian Bias chaired by the Attorney General, and includes the Secretary of State, Secretary of the Treasury, Secretary of Defense, Secretary of Labor, Secretary of Health and Human Services,

---

[1] Exec. Order No. 14202, 90 Fed. Reg. 9365 (Feb. 6, 2025).

Secretary of Housing and Urban Development, Secretary of Education, Secretary of Veterans Affairs, Secretary of Homeland Security, Director of the Office of Management and Budget, Representative of the United States of America to the United Nations, Administrator of the Small Business Administration, Director of the Federal Bureau of Investigation, Assistant to the President for Domestic Policy, the Administrator of the Federal Emergency Management Agency, and the Chair of the Equal Employment Opportunity Commission, and the heads of other executive departments, agencies, and offices that the Chair may invite to participate.[2]

8.    On April 22, 2025, Attorney General Pamela Bondi hosted the first meeting of the Task Force to Eradicate Anti-Christian Bias in the Federal Government.[3]

9.    In April 2025, reporting indicated State released a department-wide notice encouraging State Department employees to report coworkers displaying anti-Christian bias through an anonymous form.[4]

10.    Also in April 2025, reporting indicated VA established a task force to investigate employee reports of anti-Christian bias sent to an internal email within VA.[5]

11.    On June 6, 2025, the Task Force released its initial report authored by DOJ's Office of Legal Policy ("OLP") and CRT.[6]

---

[2] *Id* at 9366.
[3] DOJ, *Press Release, U.S. Dep't of Just., Attorney General Pamela Bondi Hosts First Task Force Meeting to Eradicate Anti-Christian Bias in the Federal Government* (Apr. 22, 2025), https://perma.cc/HHA7-TQAX.
[4] Robbie Gramer & Nahal Toosi, *State Tells Employees to Report on One Another for 'Anti-Christian Bias'*, Politco (Apr. 11, 2025), https://www.politico.com/news/2025/04/11/state-report-anti-christian-bias-033535.
[5] Leonie Chao-Fong, *Veterans Affairs Agency Orders Staff to Report Each Other for 'Anti-Christian Bias'*, The Guardian (Apr. 22, 2025), https://perma.cc/G9Y4-N83N.
[6] Office of Legal Policy & Civil Rights Division, *Eradicating Anti-Christian Bias Within the Federal Government,* Task Force to Eradicate Anti-Christian Bias (updated Aug. 2025), https://perma.cc/GV3U-Z67H.

12.    IAF filed several FOIA requests to shed light on the actions of the Task Force to Eradicate Anti-Christian Bias.

*CRT Task Force Organization Request (25-00596-F)*

13.    On May 30, 2025, IAF sent a FOIA request to CRT, the Justice Management Division's ("JMD"), and the JMD's Mail Referral Unit ("MRU"), which refers requests to appropriate DOJ components, seeking the following:

>    (1) Records reflecting the organization of the Task Force to Eradicate Anti-Christian Bias (including meeting agendas, attendees lists, calendar entries, meeting minutes or summaries, or any other documentation that would reflect the attendees and content of such meetings).

>    (2) All guidance, directives or communications sent to Task Force members.

14.    The request sought records from February 6, 2025, through the date of the search.

15.    On June 3, the MRU acknowledged this request and assigned this request tracking number EMRUFOIA053025-3. On June 9, 2025, the MRU reassigned the request tracking number EMRUFOIA053025-3B, and referred the request to CRT.

15.    On June 24, 2025, CRT acknowledged the June 9, 2025 referral from the MRU and assigned the request tracking number 25-00596-F. The CRT did not acknowledge IAF's initial May 30, 2025 submission to CRT.

16.    IAF has not received any further communication from CRT regarding this request.

*State and VA Solicitations Requests (F-2025-19219 and 25-25716-F)*

17.    On May 30, 2025, IAF sent a FOIA request to State and VA seeking the following:

>    All records submitted to the Department of State and the Department of Veterans Affairs, Anti-ChristianBiasReporting.@va.gov, by staff as noted in President Trump's Feb. 6, 2025 Executive Order titled "Eradicating Anti-Christian Bias," regarding instances of alleged anti-Christian bias that may have occurred during the Biden administration.

18.    The request further clarified IAF would accept privacy redactions.

19.     The request sought records from February 6, 2025, through the date of the search.

20.     On May 30, 2025, State acknowledged this request and assigned it tracking number F-2025-19219.

21.     On May 30, 2025, State updated the status of this request to "received."

22.     On July 23, 2025, State emailed IAF's counsel denying IAF's fee waiver request, classifying IAF as a news media requestor, and asking about IAF's willingness to pay a fee.

23.     On July 24, 2025, IAF's counsel responded that the requester is willing to pay that sum, with the caveat that the right to appeal a denial of the fee waiver was not waived, and that such willingness to pay was also conditional on State's compliance within its time limits for providing a determination.

24.     On July 25, 2025, State emailed IAF's counsel asking for individuals and key terms to be included in the search, stating that an initial search for potentially responsive records identified more than 15,000 potential records.

25.     On July 31, 2025, IAF's counsel responded stating in relevant part:

> According to reporting in April, an internal State Department cable stated that the department would collect examples of anti-Christian bias through anonymous employee report forms. Our request sought all records submitted by staff to the State Department in response to the "Eradicating Anti-Christian Bias" executive order. Given the nature of our request, individuals and key terms are not relevant as this request sought all records submitted through this anonymous employee report form process. In order to determine relevant records, the FOIA Case Processing Office may need to seek guidance from a subject matter expert to determine what would be responsive records.
>
> Given the recent nature of these records, and the specific information we have provided, we are confident that a subject matter expert involved in the implementation of State's policy could identify the responsive records with a reasonable amount of effort.
>
> To the extent State has employed key terms in an electronic search, rather than consultation with a subject matter expert, we expect that news reports and copies of the relevant executive order would return numerous false hits.

26.     On August 6, 2025, State updated the status of this request to "in process."

27.     IAF has not received any further communication from State regarding this request.

28.     On May 30, 2025, VA acknowledged this request and assigned it tracking number 25-25716-F.

29.     On June 5, 2025, VA transferred this request to the Office of the Executive Secretary for processing and extended the response time by 10 days for processing due to unusual circumstances.

30.     On June 10, 2025, IAF's counsel emailed the Executive Office of the Secretary to clarify the email address to be used for the search is Anti-ChristianBiasReporting@va.gov.

31.     On June 12, 2025, VA accepted this clarification.

32.     On July 18, 2025, IAF's counsel met with VA FOIA officers to confer about the processing of IAF's pending requests.

33.     On September 4, 2025, a FOIA officer at VA emailed IAF's counsel indicating records responsive to this request were being retrieved and redacted.

34.     IAF has not received any further communication from VA regarding this request.

*CRT Task Force Outputs and Actions Request*

35.     On September 15, 2025, IAF sent a FOIA request to CRT seeking the following:

> All records (including reports, memoranda, or similar records) reflecting outputs, achievements, or actions taken by the Anti-Christian Bias Task Force. This would include, for example, reports to the DOJ from other agencies in the Task Force on actions taken or reports from the DOJ to the Executive Office of the President regarding accomplishments of the Task Force.

36.     The request additionally explained that:

> DOJ is identified as an agency participating in the Task Force and the Civil Rights Division along with the Office of Legal Policy are credited with preparing the initial report created by the task force. A responsive search would require inquiring with a subject matter expert--particularly

someone involved with the agency's work on the task force and implementation of the executive order--to determine to locate the Task Force's relevant records.

37.    The request sought records from February 6, 2025, through the date of the search.

38.    IAF has received no communication from CRT regarding this request.

*CRT Calendar Entries Request*

39.    On September 15, 2025, IAF sent a FOIA request to CRT seeking the following:

(1)    All calendar entries (including attendees, calendar invitations, calendar invitation attachments) concerning the Task Force to Eradicate Anti-Christian Bias meetings.

(2)    All records reflecting the organization or operation of the Task Force to Eradicate Anti-Christian Bias (including meeting agendas, attendees lists, calendar entries, meeting minutes or summaries, or any other documentation that would reflect the attendees and content of such meetings).

40.    The request additionally explained:

DOJ is identified as an agency participating in the Task Force and the Civil Rights Division along with the Office of Legal Policy are credited with preparing the initial report created by the task force. It presumably has identified a primary point of contact or other responsible officials. This request seeks the records of those officials that concern the Task Force.

41.    The request sought records from February 6, 2025, through the date of the search.

42.    IAF has received no communication from CRT regarding this request.

*CRT External Communications Request*

43.    On September 15, 2025, IAF sent a FOIA request to CRT seeking the following:

All electronic communications (including emails, email attachments, complete email chains, calendar invitations, calendar invitation attachments, text messages, or messages on messaging platforms including Signal, Whats[A]pp, Teams, Skype, WeChat) between (a) your agency's Anti-Christian Bias Task Force designated staffer(s) or points of contact and (b) any of the external domains included below.

External Domains

(1) Alliance Defending Freedom, (including any email address ending in @ADFlegal.org).
(2) America First Legal (including any email address ending in @aflegal.org)
(3) America First Policy Institute, (including any email address ending in @americafirstpolicy.com)
(4) Christian Coalition of America (including any email address ending in @cc.org)
(5) Concerned Women For America (including any email address ending in @cwfa.org).
(6) Heritage Foundation,(including any email address ending in @heritage.org)
(7) Jonathan Mitchell (jonathan@mitchell.law)
(8) Pacific Legal Foundation (including any email address ending in @pacificlegal.org).
(9) The Ethics & Religious Liberty Commission (including any email address ending in @erlc.com)

44.     The request additionally explained:

DOJ is identified as an agency participating in the Task Force and the Civil Rights Division along with the Office of Legal Policy are credited with preparing the initial report created by the task force. It presumably has identified a primary point of contact or other responsible officials. This request seeks the records of those officials that concern the Task Force.

45.     The request sought records from February 6, 2025, through the date of the search.

46.     IAF has received no communication from CRT regarding this request.

*FBI Solicitations Request (1669807-000)*

47.     On May 30, 2025, IAF sent a FOIA request to the FBI seeking the following:

All solicitations for records of anti-Christian bias submitted to your agency as required by President Trump's Feb. 6, 2025 Executive Order titled "Eradicating Anti-Christian Bias."

All subsequent resulting records of anti-Christian bias submitted to your agency as required by President Trump's Feb. 6, 2025 Executive Order titled "Eradicating Anti-Christian Bias."

48.     The request further explained that IAF would accept appropriate privacy redactions.

49.     The request sought records from February 6, 2025, through the date of the search.

*50.*    On June 6, 2025, FBI acknowledged this request and assigned it tracking number 1669807-000 in a letter dated June 5, 2025.

51.    On June 26, 2025, FBI sent IAF's counsel a letter extending the response time due to unusual circumstances in a letter dated June 25, 2025.

52.    On September 5, 2025, FBI, in a letter dated September 5, 2025, provided its final response, stating 13 pages were reviewed and one page was being released in full. A copy of FBI's response is attached as Exhibit 1.

53.    On September 11, 2025, IAF's counsel appealed this response on the basis that the FBI did not provide an adequate administrative determination that would allow a fulsome appeal and FBI's failure to segregate reasonably segregable information within the production. A copy of this appeal is attached as Exhibit 2.

54.    IAF has not received a determination responding to this appeal.

*Exhaustion of Administrative Remedies*

55.    As of the date of the Complaint, Defendants have failed to notify IAF of determinations regarding IAF's requests and appeal. Through Defendants' failure to respond within the time limits required by law, IAF has constructively exhausted administrative remedies.

## CLAIM FOR RELIEF

### Count 1 (Violation of FOIA, 5 U.S.C. § 552)

56.    Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

57.    By failing to respond to Plaintiff's requests and appeal with determinations within the statutorily mandated time period and by failing to produce all non-exempt portions of responsive records, Defendants have violated their duties under 5 U.S.C. § 552, including but not

limited to, their duties to conduct a reasonable search for responsive records, to take reasonable steps to release all nonexempt information, and to not withhold responsive records.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court:

1. Order Defendants to conduct searches for any and all responsive records to Plaintiff's FOIA requests using search methods reasonably calculated to lead to discovery of all responsive records;

2. Order Defendants to produce, by a date certain, any and all non-exempt responsive records and a *Vaughn* index of any responsive records withheld under a claim of exemption;

3. Enjoin Defendants from continuing to withhold any and all non-exempt responsive records;

4. Award Plaintiff its costs, attorneys' fees, and other disbursements for this action; and

5. Grant any other relief this Court deems appropriate.

Dated: October 22, 2025

Respectfully submitted,

/s/ *Anisha Hindocha*

Anisha Hindocha
(D.C. Bar No. 1725159)
Daniel A. McGrath
(D.C. Bar No. 1531723)
Steven Y. Bressler
(D.C. Bar No. 482492)
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
dmcgrath@democracyforward.org
ahindocha@democracyforward.org
sbressler@democracyforward.org

*Counsel for Plaintiff Interfaith Alliance Foundation*

# Exhibit 1

**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

September 2, 2025

MS. SKYE PERRYMAN
DEMOCRACY FORWARD FOUNDATION
POST OFFICE BOX 34553
WASHINGTON, DC 20043

FOIPA Request No.: 1669807-000
Subject: Executive Order "Eradicating Anti-Christian Bias"

Dear Ms. Perryman:

The FBI has completed its review of records subject to the Freedom of Information/Privacy Acts (FOIPA) that are responsive to your request. The enclosed documents were reviewed under the FOIPA, Title 5, United States Code, Section 552/552a. Below you will find check boxes under the appropriate statute headings which indicate the types of exemptions asserted to protect information which is exempt from disclosure. The appropriate exemptions are noted on the enclosed pages next to redacted information. In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely and identify which exemptions were applied. The checked exemption boxes used to withhold information are further explained in the enclosed Explanation of Exemptions.

| Section 552 | | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☐ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| | ☐ (b)(7)(D) | ☐ (k)(2) |
| | ☐ (b)(7)(E) | ☐ (k)(3) |
| | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☑ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) | | ☐ (k)(7) |

13 pages were reviewed and 1 page is being released.

Please see the paragraphs below for relevant information specific to your request as well as the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

Based on the information you provided, we conducted a search of the places reasonably expected to have records. For more information about records searches and the standard search policy, see the enclosed FBI FOIPA Addendum General Information Section.

This is the final release of information responsive to your FOIPA request. This material is being provided to you at no charge.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third-party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Additional information about the FOIPA can be found at www.fbi.gov/foia. Should you have questions regarding your request, please feel free to contact foipaquestions@fbi.gov. Please reference the FOIPA Request number listed above in all correspondence concerning your request.

If you are not satisfied with the FBI's determination in response to this request, you may proceed under any or all of the following options:

- You may seek dispute resolution services through the FBI directly by emailing our FOIA Public Liaison at foipaquestions@fbi.gov. The subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

- You may contact the Office of Government Information Services (OGIS), who serves as the federal FOIA Ombudsman. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

- You may file an administrative appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. **Pursuant to 28 C.F.R. § 16.8(a), your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of this response to your request.** If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please reference the FOIPA Request Number listed above in your correspondence so it may be easily identified. If possible, please provide a copy of your original request and this response letter with your appeal.

Note: Utilizing the FBI's dispute resolution services or requesting mediation through OGIS does not toll the ninety (90) day limit to file a timely appeal with OIP.

Sincerely,

Record/Information Dissemination Section
Information Management Division

Enclosures

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request. Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information. Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)  **5 U.S.C. § 552(c).** Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)]. FBI responses are limited to those records subject to the requirements of the FOIPA. Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)  **Intelligence Records.** To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)]. This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)  **Requests for Records about any Individual—Watch Lists.** The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)]. This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)  **Requests for Records about any Individual—Witness Security Program Records.** The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)]. This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)  **Requests for Confidential Informant Records.** The FBI can neither confirm nor deny the existence of confidential informant records pursuant to FOIA exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F) [5 U.S.C.§ 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)] and Privacy Act exemption (j)(2) [5 U.S.C. § 552a (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)  **Record Searches and Standard Search Policy.** The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions. The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does not include a search for reference entity records or administrative records of previous FOIPA requests.

   a. *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation
   b. *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii)  **FBI Records.** Founded in 1908, the FBI carries out a dual law enforcement and national security mission. As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)  **Foreseeable Harm Standard.** As amended in 2016, the Freedom of Information Act provides that a federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates, or (2) disclosure is prohibited by law (5 United States Code, Section 552(a)(8)(A)(i)). The FBI considers this foreseeable harm standard in the processing of its requests.

(iv)  **Requests for Criminal History Records or Rap Sheets.** The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet. These criminal history records are not the same as material in an investigative "FBI file." An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service. For a fee, individuals can request a copy of their Identity History Summary Check. Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks. Additionally, requests can be submitted electronically at www.edo.cjis.gov. For additional information, please contact CJIS directly at (304) 625-5590.

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ



**E.O. 14202 Eradicating Anti-Christian Bias Inter-Agency Task Force Launch Meeting**

**Department of Justice**

April 22, 2025

I.      **Welcome and Introductory Remarks** – Attorney General Pamela Bondi (5 min)

II.     **Brief Remarks** – Deputy Attorney General Todd Blanche (2 min)

        *(Press departure)*

III.    **Opening Prayer** – White House Faith Office: Pastor Paula White-Cain (1 min)

IV.     **Overview of Executive Order 14202 Directives + Task Force Structure and Meeting Cadence** – Assistant Attorney General Harmeet Dhillon (5 min)

V.      **Video Package** – Paul Vaughn story (4 min)

VI.     **Witness Testimonies** (5 min)
   - *Witness – Michael Farris, 1st Amendment Litigator and Founding President of Patrick Henry College*
   - *Witness – Dr. Scott Hicks, Provost and Chief Academic Officer of Liberty University*
   - *Witness – Phil Mendes, Petty Officer First Class (Ret.), U.S. Navy SEALs*

VII.    **Member Engagement Discussion** – Members to discuss one or two examples of anti-Christian bias in their department/agency during the Biden Administration (30 min)
   - *Director Kash Patel*
   - *Secretary Rubio*
   - *Secretary Kennedy*
   - *Secretary McMahon*
   - *Deputy Secretary Faulkender*
   - *Secretary Collins*
   - *Director Vince Haley*

VIII.   **Next Steps: Information Request and Timeline for 120-Day Report** – Assistant Attorney General Harmeet Dhillon (5 min)

IX.     **Closing Remarks and Adjournment** – Attorney General Pamela Bondi (2 min)

X.      **Task Force Photo Opportunity** (Official photographer only)

FEDERAL BUREAU OF INVESTIGATION
FOI/PA
DELETED PAGE INFORMATION SHEET
FOI/PA# 1669807-000

Total Deleted Page(s) = 12
Page 1 ~ b5; b6; b7C;
Page 2 ~ b5;
Page 3 ~ b5; b6; b7C;
Page 4 ~ b5;
Page 5 ~ b5;
Page 6 ~ b5; b6; b7C;
Page 7 ~ b5;
Page 8 ~ b5;
Page 9 ~ b5;
Page 10 ~ b5; b6; b7C;
Page 11 ~ b5;
Page 12 ~ b5; b6; b7C;

```
XXXXXXXXXXXXXXXXXXXXXXX
X  Deleted Page(s)   X
X  No Duplication Fee X
X  For this Page     X
XXXXXXXXXXXXXXXXXXXXXXX
```

# Exhibit 2



September 11, 2025

**VIA Electronic Delivery**

United States Department of Justice
Director, Office of Information Policy (OIP),
441 G Street, NW, 6th Floor
Washington, D.C. 20530,
Via online portal

**Re: Appeal of Response to Freedom of Information Act Request #1669807-000**

Dear FOIA Officer,

We (InterFaith Alliance Foundation and Democracy Forward Foundation) write to appeal the Federal Bureau of Investigation's ("FBI") response to our attached FOIA request, which sought all solicitations for records and any subsequent records regarding Anti-Christian Bias:

> All solicitations for records of anti-Christian bias submitted to your agency as required by President Trump's Feb. 6, 2025 Executive Order titled "Eradicating Anti-Christian Bias."

> All subsequent resulting records of anti-Christian bias submitted to your agency as required by President Trump's Feb. 6, 2025 Executive Order titled "Eradicating Anti-Christian Bias."

> Please note that Interfaith Alliance is willing to accept appropriate b(6) redactions.

> Please provide all records from February 6, 2025, through the date the search is conducted.

On September 2, 2025, the FBI responded to our request stating that 13 pages had been reviewed, but that only one page was being released.

As an initial matter, the FBI's response did not provide an adequate administrative determination that would allow us to fulsomely appeal this response. The FBI asserted that the agency "conducted a search of the places reasonably expected to have records" and that "the appropriate exemptions are noted on the enclosed pages next to redacted information. In addition, a deleted

page information sheet was inserted to indicate where pages were withheld entirely and identify which exemptions were applied." The FBI's response did not provide any details whatsoever about the search methods employed, including but not limited to the devices and systems searched for responsive records. FBI also did not provide any tailored information concerning the records that it did identify that would allow DFF to appeal their substantial withholding under three exemption assertions.

Notwithstanding the inadequacy of detail in the FBI's response, we also appeal because of the FBI's failure to segregate reasonably segregable information within the production, as indicated by full page withholding of more than 90 percent of the records sought rather than reasonable application of redactions and release non-exempt information.

We ask for prompt reconsideration and production of the requested records. We appreciate your assistance and look forward to your prompt response.

Sincerely,

*/s/ Skye Perryman*
Skye Perryman
President & CEO
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043

*/s/ Rev. Paul Brandeis Raushenbus*
Rev. Paul Brandeis Raushenbush
President & CEO
Interfaith Alliance Foundation
110 Maryland Avenue, NE
Suite 509
Washington, DC 20002