UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERFAITH ALLIANCE FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE et. al.,<br><br>Defendants. | Civil Action No. 25-3746 (LLA) |

## ANSWER

Defendants the Department of Justice ("Department"), Department of State ("State"), and the Department of Veterans Affairs ("VA"), by and through their undersigned counsel, respectfully submit this Answer to the Complaint (ECF No. 1) filed in this case by the Interfaith Alliance Foundation ("Plaintiff") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendants expressly deny all allegations in the Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Defendants respond to the Complaint in like numbered paragraphs as follows:

## **JURISDICTION AND VENUE**[1]

1. This paragraph contains conclusions of law regarding jurisdiction, to which no response is required. To the extent a response is deemed required, Defendants admit that this Court has jurisdiction subject to the terms and limitations of the FOIA.

2. This paragraph contains conclusions of law regarding venue, to which no response is required. To the extent a response is deemed required, Defendants admit that venue lies in this judicial district for a proper claim under FOIA.

## **PARTIES**

3. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

4. Defendants admit that the Department is a federal agency subject to the FOIA. Defendants admit that the Civil Rights Division is a component of the Department and avers that it is continuing to process the Plaintiff's requests. The remaining allegation in this paragraph consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the Department denies.

5. Defendants admit only that State is a federal agency subject to the FOIA and avers that it is continuing to process the Plaintiff's request. The remaining allegation in this paragraph consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, State denies.

---

[1] For ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

6. Defendants admit that the VA is a federal agency subject to the FOIA and avers that it is continuing to process Plaintiff's request. The remaining allegation in this paragraph consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the VA denies.

**Facts**

7. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendants presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in these paragraphs are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). Defendants refer the court to the cited Executive Order as the best evidence of its contents and deny any allegation inconsistent therewith.

8. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in these paragraphs are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

9. This paragraph consists of Plaintiff's characterization of a news article purporting to concern the Department of State. The news article speaks for itself and is the best evidence of its contents, and State denies any allegations inconsistent therewith. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants presently

lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in these paragraphs are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

10. To the extent the allegations seek to provide background facts in support of allegations of public interest, VA presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

11. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in these paragraphs are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). Defendants refer the court to the respective Executive Order as the best evidence of its contents and denies any allegation inconsistent therewith.

12. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

*CRT Task Force Request*

13. The Department admits that Plaintiff submitted a FOIA request on May 30, 2025. The remaining allegations consist of Plaintiff's characterization of its request, to which no response is required. To the extent a response is deemed required to these sentences, Defendant respectfully refers the Court to the FOIA request at issue for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

14. The Department admits that Plaintiff submitted a FOIA request on May 30, 2025. The remaining allegations consist of Plaintiff's characterization of its request, to which no response is required. To the extent a response is deemed required to these sentences, Defendant respectfully refers the Court to the FOIA request at issue for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

15. The Department admits that it acknowledged Plaintiff's request on June 3, 2025. The remaining allegations consist of Plaintiff's characterization of the Department's response, to which no response is required. To the extent a response is deemed required to these sentences, Defendant respectfully refers the Court to the Department's acknowledgment for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

15. The Department admits that Civil Rights acknowledged Plaintiff's request on June 24, 2025. The remaining allegations consist of Plaintiff's characterization of the Department's response, to which no response is required. To the extent a response is deemed required to these sentences, Defendant respectfully refers the Court to the Department's acknowledgment for a

complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.[2]

16. This paragraph consists of Plaintiff's characterizations of the Civil Rights' response to Plaintiff's request, to which no response is required. To the extent a response is deemed required, Civil Rights admits that it has not yet issued a final response to Plaintiff.

*State and VA Requests (F-2025-19219 and 25-25716-F)*

17. State admits that the Plaintiff submitted a FOIA request on May 30, 2025. The remainder of this paragraph consists of Plaintiff's characterizations of its FOIA request to which no response is required. To the extent a response is deemed required, State respectfully refers the Court to the referenced records as the best evidence of their contents and denies any allegations inconsistent therewith.

18. This paragraph consists of Plaintiff's characterizations of its FOIA request, to which no response is required. To the extent a response is deemed required to these sentences, State respectfully refers the Court to the FOIA request at issue for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

19. This paragraph consists of Plaintiff's characterizations of its FOIA request, to which no response is required. To the extent a response is deemed required to these sentences, State respectfully refers the Court to the FOIA request at issue for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

---

[2] Plaintiff's Complaint contains two paragraphs numbered 15. *See* Compl. at 4. For consistency, Defendants retain Plaintiff's original numbering.

20. State admits that it acknowledged Plaintiff's request on May 30, 2025. The remainder of this paragraph consists of Plaintiff's characterizations of State's acknowledgment, to which no response is required. To the extent a response is deemed required to these sentences, State respectfully refers the Court to the correspondence at issue for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

21. State admits that it acknowledged Plaintiff's request on May 30, 2025. The remainder of this paragraph consists of Plaintiff's characterizations of State's acknowledgment, to which no response is required. To the extent a response is deemed required to these sentences, State respectfully refers the Court to the correspondence at issue for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

22. State admits that it corresponded with Plaintiff regarding its request for a fee waiver on July 23, 2025. The remainder of this paragraph consists of Plaintiff's characterizations of State's correspondence, to which no response is required. To the extent a response is deemed required to these sentences, State respectfully refers the Court to the correspondence at issue for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

23. State admits that IAF sent a response to State's fee waiver denial on July 24, 2025. The remainder of this paragraph consists of Plaintiff's characterizations of Plaintiff's correspondence, to which no response is required. To the extent a response is deemed required to these sentences, State respectfully refers the Court to the correspondence at issue for a complete

and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

24. State admits that it corresponded with Plaintiff regarding the scope of the request on July 25, 2025. The remainder of this paragraph consists of Plaintiff's characterizations of State's correspondence, to which no response is required. To the extent a response is deemed required to these sentences, State respectfully refers the Court to the correspondence at issue for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

25. State admits that it corresponded with Plaintiff regarding the scope of the request on July 25, 2025. The remainder of this paragraph consists of Plaintiff's characterizations of State's correspondence, to which no response is required. To the extent a response is deemed required to these sentences, State respectfully refers the Court to the correspondence at issue for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

26. State admits that it updated the status of Plaintiff's request on August 6, 2025. The remainder of this paragraph consists of Plaintiff's characterizations of State's correspondence, to which no response is required. To the extent a response is deemed required to these sentences, State respectfully refers the Court to the correspondence at issue for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

27. State admits that it has not yet issued a final response to Plaintiff.

28. The VA admits that it acknowledged Plaintiff's request on May 30, 2025. The remainder of this paragraph consists of Plaintiff's characterizations of its request to the VA, to

which no response is required. To the extent a response is deemed required to these sentences, the VA respectfully refers the Court to the correspondence at issue for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

29. The VA admits that it informed Plaintiff on June 5, 2025, that the request would be transferred to the Office of the Executive Secretary. The remainder of this paragraph consists of Plaintiff's characterizations of the VA's correspondence, to which no response is required. To the extent a response is deemed required to these sentences, the VA respectfully refers the Court to the correspondence at issue for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

30. The VA admits that Plaintiff emailed regarding the request on June 10, 2025. The remainder of this paragraph consists of Plaintiff's characterizations of the parties' correspondence, to which no response is required. To the extent a response is deemed required to these sentences, the VA respectfully refers the Court to the correspondence at issue for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

31. The VA admits that it corresponded with Plaintiff regarding its request on June 12, 2025. The remainder of this paragraph consists of Plaintiff's characterizations of the parties' correspondence, to which no response is required. To the extent a response is deemed required to these sentences, the VA respectfully refers the Court to the correspondence at issue for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

32. The VA admits that the parties discussed the status of Plaintiff's request on July 18, 2025. The remainder of this paragraph consists of Plaintiff's characterizations of the parties' discussions, to which no response is required. To the extent a response is deemed required to these sentences, the VA respectfully refers the Court to the correspondence at issue for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

33. The VA admits that it corresponded with Plaintiff regarding the request on September 4, 2025. The remainder of this paragraph consists of Plaintiff's characterizations of the parties' correspondence, to which no response is required. To the extent a response is deemed required to these sentences, the VA respectfully refers the Court to the correspondence at issue for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

34. The VA admits that it has not yet issued a final determination to Plaintiff's request.

*CRT Task Force Outputs and Actions Request*

35. The Department admits that Plaintiff submitted a FOIA request on September 15, 2025. The remainder of this paragraph consists of Plaintiff's characterizations of its request, to which no response is required. To the extent a response is deemed required to these sentences, The Department respectfully refers the Court to the correspondence at issue for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

36. The Department admits that Plaintiff submitted a FOIA request on September 15, 2025. The remainder of this paragraph consists of Plaintiff's characterizations of its request, to which no response is required. To the extent a response is deemed required to these sentences, the

Department respectfully refers the Court to the correspondence at issue for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

37. The Department admits that Plaintiff submitted a FOIA request on September 15, 2025. The remainder of this paragraph consists of Plaintiff's characterizations of its request, to which no response is required. To the extent a response is deemed required to these sentences, the Department respectfully refers the Court to the correspondence at issue for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

38. The Department admits it has not yet issued a final response to Plaintiff's request.

*CRT Calendar Entries Request*

39. The Department admits that Plaintiff submitted a FOIA request on September 15, 2025. The remainder of this paragraph consists of Plaintiff's characterizations of its request, to which no response is required. To the extent a response is deemed required to these sentences, the Department respectfully refers the Court to the correspondence at issue for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

40. The Department admits that Plaintiff submitted a FOIA request on September 15, 2025. The remainder of this paragraph consists of Plaintiff's characterizations of its request, to which no response is required. To the extent a response is deemed required to these sentences, the Department respectfully refers the Court to the correspondence at issue for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

41. The Department admits that Plaintiff submitted a FOIA request on September 15, 2025. The remainder of this paragraph consists of Plaintiff's characterizations of its request, to which no response is required. To the extent a response is deemed required to these sentences, the Department respectfully refers the Court to the correspondence at issue for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

42. The Department admits it has not yet issued a final response to Plaintiff's request.

*CRT External Communications Request*

43. The Department admits that Plaintiff submitted a FOIA request on September 15, 2025. The remainder of this paragraph consists of Plaintiff's characterizations of its request, to which no response is required. To the extent a response is deemed required to these sentences, the Department respectfully refers the Court to the correspondence at issue for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

44. The Department admits that Plaintiff submitted a FOIA request on September 15, 2025. The remainder of this paragraph consists of Plaintiff's characterizations of its request, to which no response is required. To the extent a response is deemed required to these sentences, the Department respectfully refers the Court to the correspondence at issue for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

45. The Department admits that Plaintiff submitted a FOIA request on September 15, 2025. The remainder of this paragraph consists of Plaintiff's characterizations of its request, to which no response is required. To the extent a response is deemed required to these sentences, the

Department respectfully refers the Court to the correspondence at issue for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

46. The Department admits it has not yet issued a final response to Plaintiff's request.

*FBI Solicitations Request*

47. The Department admits that Plaintiff submitted a FOIA request to the Federal Bureau of Investigation ("FBI") on May 30, 2025. The remainder of this paragraph consists of Plaintiff's characterizations of its request, to which no response is required. To the extent a response is deemed required to these sentences, the Department respectfully refers the Court to the correspondence at issue for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

48. The Department admits that Plaintiff submitted a FOIA request to the Federal Bureau of Investigation ("FBI") on May 30, 2025. The remainder of this paragraph consists of Plaintiff's characterizations of its request, to which no response is required. To the extent a response is deemed required to these sentences, the Department respectfully refers the Court to the correspondence at issue for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

49. The Department admits that Plaintiff submitted a FOIA request to the Federal Bureau of Investigation ("FBI") on May 30, 2025. The remainder of this paragraph consists of Plaintiff's characterizations of its request, to which no response is required. To the extent a response is deemed required to these sentences, the Department respectfully refers the Court to the correspondence at issue for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

50. The FBI admits that it acknowledged Plaintiff's request but avers that it did not occur on June 6, 2025. The remainder of this paragraph consists of Plaintiff's characterizations of the FBI's communication, to which no response is required. To the extent a response is deemed required to these sentences, the Department respectfully refers the Court to the correspondence at issue for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

51. The FBI admits that it corresponded with Plaintiff on or about June 26, 2025. The remainder of this paragraph consists of Plaintiff's characterizations of the parties' correspondence, to which no response is required. To the extent a response is deemed required to these sentences, the Department respectfully refers the Court to the correspondence at issue for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

52. The FBI admits that it corresponded with Plaintiff on or about September 2, 2025, but avers that such correspondence did not occur on September 5, 2025. The remainder of this paragraph consists of Plaintiff's characterizations of the parties' correspondence, to which no response is required. To the extent a response is deemed required to these sentences, the Department respectfully refers the Court to the correspondence at issue for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

53. The FBI admits that Plaintiff submitted an appeal on September 11, 2025. The remainder of this paragraph consists of Plaintiff's characterizations of its appeal, to which no response is required. To the extent a response is deemed required to these sentences, the Department respectfully refers the Court to the document at issue for a complete and accurate

statement of its contents and denies the allegations in this paragraph to the extent inconsistent with its contents.

54. The FBI admits that it has not yet issued a final response to Plaintiff's request.

*Exhaustion of Administrative Remedies*

55. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants admit that Plaintiff submitted a timely appeal regarding the request to the FBI. Defendants deny the remainder.

## CLAIM FOR RELIEF

56. Defendants realleges and incorporates by reference all of the preceding paragraphs of this Answer as if fully stated herein.

57. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

## PRAYER FOR RELIEF

The remainder of the complaint consists of Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## DEFENSES

Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendants through the course of this litigation. Defendants do not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

## FIRST DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA or the Privacy Act, 5 U.S.C. § 552a.

**SECOND DEFENSE**

Plaintiff's requests fail to comply with the requirements of FOIA to the extent they fail to reasonably describe the records sought or presents an unreasonably burdensome effort upon Defendants to search for, review, redact, and release any responsive records.

**THIRD DEFENSE**

FOIA does not provide for declaratory relief against a federal agency.

**FOURTH DEFENSE**

The Court lacks subject matter jurisdiction over any requested relief that exceeds the relief authorized by the FOIA.

**FIFTH DEFENSE**

Defendants have not improperly withheld records requested by Plaintiff under FOIA.

**SIXTH DEFENSE**

Defendants' actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

**SEVENTH DEFENSE**

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

**EIGHTH DEFENSE**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should

strike all such immaterial and impertinent matters pursuant to Rule 12(f).  *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at \*3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at \*11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims")..

\*    \*    \*

Dated: December 3, 2025
       Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Robert J. Morris, II*
    ROBERT J. MORRIS, II
    D.C. Bar No. #1719434
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2534
    Robert.Morris@usdoj.gov

*Attorneys for the United States of America*